**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD RICE, and Arapahoe
County Inmates,

    Plaintiffs,

v.

SHERIFF DAVID WALCHER, in his
official and individual capacities;
ARAPAHOE COUNTY DETENTION
FACILITY,

    Defendants - Appellees.

_____

RAYMOND BECKER,

    Appellant.

No. 17-1047
(D.C. No. 1:16-CV-02638-LTB)
D. Colorado

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

_____

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner, Richard Rice, is a Colorado state inmate housed at the Arapahoe County Correctional Facility. Proceeding *pro se*, he brought a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging unsafe and unsanitary conditions at the facility, outrageous conduct by deputies, and the denial of inmates' basic human needs. A United States Magistrate Judge ordered Rice to file an amended complaint, clarifying the claims being asserted. In response, Rice submitted a declaration containing additional, general allegations. Another inmate at the Arapahoe County Correctional Facility, Raymond Becker, also filed a declaration complaining of conditions at the facility and referencing various examples of alleged misconduct by prison deputies and staff.

On November 21, 2016, Rice filed a motion for class certification. This pleading was also signed by Becker. The magistrate judge denied the motion on December 9, 2016. In that order, the magistrate judge reminded Rice of his obligation to file an amended complaint. Rice, thereafter, filed a "pro se supplement to complaint" together with a motion to add Becker as a plaintiff. These pleadings were also signed by Becker. An additional "pro se supplement to complaint" signed by both Rice and Becker was filed on December 29, 2016.

On January 18, 2017, the district court dismissed Rice's complaint without prejudice. After referencing all the pleadings and other documents filed by Rice,

-2-

the court concluded none complied with the magistrate judge's order to file an amended complaint.

Rice and Becker filed a joint notice of appeal. Rice's motion to proceed *in forma pauperis* ("*ifp*") on appeal was denied by the district court. Because Rice failed to pay the appellate filing fee or file an *ifp* motion with this court, his appeal was dismissed for failure to prosecute on May 17, 2017. Becker filed an *ifp* motion and an appellate brief. Becker, however, was not a party below and did not move to intervene. He, therefore, does not have standing to appeal the dismissal of Rice's complaint without prejudice. *Hutchinson v. Pfeil*, 211 F.3d 515, 518-19 (10th Cir. 2000) (holding a proposed plaintiff has no substantive interest in the outcome of an action when the dismissal by the district court was not a ruling on the merits). Accordingly, this appeal is **dismissed** for lack of appellate standing. Becker's motion to proceed *ifp* is **denied** and he is reminded of his obligation to immediately remit any unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge